UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11571-RWZ

JOHN DOE

v.

UNIVERSITY OF MASSACHUSETTS AT
AMHERST, KUMBLE R. SUBBASWAMY,
WILLIAM D. BRADY, and PATRICIA
CARDOSO-ERASE

<u>MEMORANDUM & ORDER</u>

April 28, 2021

ZOBEL, S.D.J.

      Plaintiff brought this action against University of Massachusetts at Amherst ("UMass-Amherst" or "University") and, in their official capacities, its Chancellor, Vice Chancellor, and Associate Dean of Students for Student Conduct and Compliance. He alleges violations of his right to due process under the Fourteenth Amendment to the U.S. Constitution and sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, in connection with a disciplinary process against him. Defendants have moved to dismiss the complaint for failure to state a claim. (Docket # 14).

**I.    Background**

      On October 20, 2018, a female student messaged plaintiff on Snapchat and asked to come to his dorm room to "hook up" as on previous occasions. He agreed, she came to his room, and they had sexual intercourse. Two days later, she confronted

1

plaintiff and told him that she could not remember what had happened that night because she had been intoxicated. Over one year later, in November 2019, she filed a formal complaint with the University.[1] In January 2020, the University notified plaintiff of the complaint and he met with a University administrator soon thereafter. In March 2020, plaintiff was told that a hearing would be scheduled to address the complaint and in early April 2020, the University sent him a letter which notified him that the hearing would be held on April 24, 2020. One day before the hearing, plaintiff was allowed one hour to review the University's investigatory file, but he was not allowed to make copies of any of these materials. In May 2020, the University notified plaintiff that he had been found responsible for sexual misconduct and would be suspended from his studies at the University for two years.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For purposes of this motion, the court must accept all factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

---

[1] In 2018, the University's code of conduct required students to bring such complaints within one year, but in 2019, the University removed this limitation.

### III. Analysis

#### A. Due Process Claim

First Circuit precedent is clear that both students and public universities have interests at stake in disciplinary proceedings. Haidak v. Univ. of Mass.-Amherst, 933 F.3d 56, 66 (1st Cir. 2019). "Notice and an opportunity to be heard have traditionally and consistently been held to be the essential requisites of procedural due process." Id. (quoting Gorman v. Univ. of R.I., 837 F.2d 7, 12 (1st Cir. 1988)). "Although a student's due process rights do not equate to those afforded to a criminal defendant, adequate warning of the misconduct that could result in a student's discipline is a fundamental element of fairness in the proceeding." Doe v. W. New Eng. Univ., 228 F. Supp. 3d 154, 175 (D. Mass. 2016) (citation omitted).

Plaintiff has plausibly alleged that he did not have adequate notice of the allegations against him due, in part, to his lack of access to the University's investigatory file.

#### B. Title IX Claim

To raise an erroneous outcome claim under Title IX, as plaintiff does here, he must "offer evidence 'cast[ing] some articulable doubt on the accuracy of the outcome of the disciplinary proceeding,' and indicating that 'gender bias was a motivating factor.'"

3

Doe v. Trs. of Bos. Coll., 892 F.3d 67, 90 (1st Cir. 2018) (alteration in original) (quoting Yusuf v. Vassar Coll., 35 F.3d 709, 715 (2d Cir. 1994)).[2]

Plaintiff alleges that the University responded to external pressure to implement disciplinary procedures that gave preferential treatment to female victims, and that these procedures resulted in bias because he was a male accused of sexual misconduct. The complaint sufficiently alleges gender bias to survive a motion to dismiss. See Doe v. Columbia Univ., 831 F.3d 46, 57 (2d Cir. 2016) ("Iqbal does not require that the inference of discriminatory intent supported by the pleaded facts be *the most plausible* explanation of the defendant's conduct. It is sufficient if the inference of discriminatory intent is plausible.").

## IV. Conclusion

The motion to dismiss (Docket # 14) is DENIED.

April 28, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[2] In Doe v. Trustees of Boston College, the First Circuit noted that it was applying Yusuf by agreement of the parties but was not adopting it. 892 F.3d at 90. Here, the parties have also used the Yusuf framework in their briefings. (Docket # 15 at 11, #18 at 14).